UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELECTRICAL WORKERS PENSION TRUST
FUND OF LOCAL 58, ELECTRICAL
WORKERS JOINT BOARD OF TRUSTEES          Case Number: 09-10523
VACATION FUND, ELECTRICAL
WORKERS INSURANCE FUND,                  ARTHUR J. TARNOW
SUPPLEMENTAL UNEMPLOYMENT                UNITED STATES DISTRICT COURT
BENEFIT FUND OF THE ELECTRICAL
INDUSTRY, DETROIT, MICHIGAN, IBEW        VIRGINIA M. MORGAN
LOCAL 58 ANNUITY FUND, JOINT             UNITED STATES MAGISTRATE JUDGE
APPRENTICESHIP TRAINING TRUST
FUND, NECA-IBEW LOCAL LABOR-
MANAGEMENT COOPERATION FUND, and
NATIONAL ELECTRICAL BENEFIT FUND,

        Plaintiffs,

v.

SKY LITE ELECTRIC, INCORPORATED,
and D AND M ELECTRIC, INCORPORATED,

        Defendants.

_____ /

## REPORT AND RECOMMENDATION DENYING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT

In this civil lawsuit, Plaintiff trust funds seeks to enforce fringe benefit provisions of a collective bargaining agreement entered into between Defendant Sky Lit Electric, Incorporated ("Sky Lite") and International Brotherhood of Electrical Workers Local Union No. 58. Plaintiff also seeks to enforce the collective bargaining agreement against D and M Electric, Incorporated ("D & M"), on the grounds that the two corporations are alter egos. Presently before the court is Plaintiffs' motion for summary judgment, filed February 16, 2010, (Doc. No. 20). Oral argument was heard

1

by the magistrate judge on April 14, 2010. For the reasons discussed below, the court recommends that Plaintiffs' motion for summary judgment be **DENIED**.

**I. Background**

Husband and wife Donald and Marie Cischke incorporated Sky Lite, Inc. on January 30, 2003, for the purpose of performing electrical work. (Doc. No. 22, Deposition Ex. 2, Sky Lite Inc. Articles of Incorporation). Mr. Cischke is a master electrician and he wanted to start a business so that his children could come to work for him and become electricians. (Doc. No. 22, Donald Cishke Dep. 6, 10). Sky Lite did electrical jobs for commercial properties and its customers included Cimeron, Stellar, Pinnacle Management, and Kroger. *Id.* at 10-11. On December 15, 2003, Sky Lite became a union company when Mr. Cischke signed a letter of assent with IBEW Local 58. (Doc. No. 22, Deposition Ex. 7, Letter of Assent). Seven months later, Mr. Cishke sent letters to IBEW Local 58 and the Southeastern Michigan Chapter of NECA, Inc. terminating the letter of assent. (Doc. No. 22, Deposition Ex. 7, Ltrs. to Local 58 and NECA).

Fifteen days after Mr. Cishke sent the letters terminating the letter of assent, he incorporated D&M Electric, Inc. (Doc. No. 22, Deposition Ex. 8, D&M Electric, Inc. Articles of Incorporation). When asked to explain why he created a new company, Mr. Cishke answered:

> Well, I was having some big time problems with my wife. She was writing checks to Hungry Howie's and I found this kind of stuff out, and we was having some problems. And when she went away to her mother's house for a couple of weeks, I decided to go out and form D&M Electric because I didn't know what she was going to do.

(Donald Cishke Dep. 21).

D&M Electric also performed electrical work but instead of focusing on new construction, like Sky Lite, D&M Electric sought out work such as low voltage wiring and jobs in existing

2

buildings. (Donald Cishke Dep. 22). D&M Electric's customers included Stellar, Kroger, Pinnacle, Phoenix Refrigeration, and Coca-Cola. *Id.* at 24-25. Both companies were operated out of Mr. Cishke's home, and some of the D&M Electric employees had also worked for Sky Lite. *Id.* at 21, 25, 27.

In the beginning months of D&M Electric, Mr. Cishke transferred money from the Sky Lite bank account to the D&M Electric bank account and also wrote checks from the Sky Lite account that ultimately ended up in D&M Electric account. *Id.* at 34-41. When Mr. Cishke was asked why he made the transfers of funds, he replied: "Well, because Sky Lite probably wasn't doing very good and I probably needed the money for D&M." *Id.* at 41. By the end of December 2004, the Sky Lite account was empty and had been closed. (Doc. No. 21, George Kruszewski Aff. Ex. B, TCF National Bank Statement 12/31/04). Mr. Cishke had transferred tens of thousands of dollars from Sky Lite to D&M Electric.

Sky Lite and D&M Electric were also insured by the same insurance company, under the same policies. (Doc. No. 21, George Kruszewski Aff. Ex. A, Hasting Mutual Insurance Co. documents). The insurance company did not issue new policies to D&M Electric when it was formed. *Id.* Rather, the insurance company changed the name of the insured, from Sky Lite to D&M Electric and the federal identification number, but the policies remained the same. *Id.*

On February 12, 2009, approximately four and a half years after the formation of D&M Electric, plaintiffs filed suit in this court to collect unpaid fringe benefit payments from Sky Lite and D&M Electric. (Doc. No. 1). After the close of discovery, Plaintiffs filed the instant motion for summary judgment (Doc. No. 20). The Honorable Arthur J. Tarnow subsequently referred the motion to this court. (Doc. No. 27).

**II. Analysis**

Plaintiffs argue that summary judgment should be entered because there is no issue of fact requiring a trial on the issue of whether Sky Lite and D&M Electric are alter ego entities. (Doc. No. 20, Pls.' MSJ 4-5). Plaintiffs assert that this is a clear case for the application of the alter ego doctrine because "[f]or all practical purposes, Sky Lite and D & M were one and the same and they should be treated as one continuous employer." *Id.* at 6. Plaintiffs argue that Sky Lite and D & M Electric's common ownership, common customers, common employees, common business location, and the fact that funds were transferred from Sky Lite to D & M Electric, show that D & M Electric was merely a continuation of Sky Lite, not a separate business. *Id.* at 6. Also, Plaintiffs argue that a reasonable inference of anti-union animus can be drawn from the timing of Sky Lite's attempted termination of the union contract and the formation of D & M Electric shortly thereafter. *Id.* at 6. Plaintiffs further contend that Mr. Cishke's "evasive testimony during his deposition" regarding the transfers of funds from Sky Lite to D & M Electric are evidence of his intent to evade his contractual obligations by establishing a second company. *Id.* at 7.

Defendants respond that Plaintiffs are not entitled to summary judgment because Plaintiffs have not provided any evidence that the collective bargaining agreement was breached, which Defendants assert is a prerequisite to applying the alter ego doctrine. (Doc. No. 26, Defs.' Resp. 7). Secondly, Defendants argue that even if Plaintiffs established a breach of the collective bargaining agreement, Plaintiffs failed to show that no genuine issues of material fact remain on their claim. *Id.* at 9.

Defendants' argument that a breach of the collective bargaining agreement must be shown before the alter ego doctrine is applied presents a predicate question; thus, this court will address that

4

issue first. The cases cited by Defendants in support of their position, *Trustees of the Resilient Floor Decorators Ins. Fund v. A&M Installations*, 395 F.3d 244 (6th Cir. 2005) and *Roofers Local 149 Security Trust Fund v. Duane Smelser Roofing Company*, 285 F. Supp. 2d 963 (E.D. Mich. 2003), do not stand for the proposition that the court must decide whether a breach of the collective bargaining agreement occurred before applying the alter ego doctrine. Neither the *Resilient Floor* Court, nor the *Roofers Local 149* Court, was presented or addressed this issue. In addition, if Sky Lite and D&M Electric are found to be alter egos of each other, then D&M Electric will be subject to the collective bargaining agreement, which in this case confers upon Plaintiffs the right to audit the employer in order to determine whether the employer was in compliance with the contract. Without a determination that the two companies are alter egos, Plaintiffs do not have the right to determine whether D&M Electric was in compliance with the contract. Moreover, Plaintiffs have presented evidence, in the form of an affidavit from the Administrator of the Electrical Workers Joint Boards of Trustees Thomas Mittelbrun, that indicates that, at the very least, there are factual disputes as to whether Sky Lite breached the collective bargaining agreement and the amount owing to Plaintiffs. (Doc. No. 30, Pls.' Reply Ex. 1, Mittelbrun Aff.). For these reasons, the court rejects Defendants' argument that a finding of a breach of the collective bargaining agreement is necessary before the court applies the alter ego doctrine.

Turning now to the alter ego doctrine, the court recommends that Plaintiffs' motion for summary judgment be denied because a genuine issue of material fact exists as to whether Sky Lite and D&M Electric are alter egos.

"The alter ego doctrine is most commonly used in labor cases to bind a new employer that continues the operations of an old employer in those cases where the new employer is 'merely a

disguised continuance of the old employer.'" *NLRB v. Fullerton Transfer & Storage Ltd., Inc.*, 910 F.2d 331, 336 (6th Cir.1990) (quoting *Southport Petroleum Co. v. NLRB*, 315 U.S. 100, 106 (1942)). In this context, the alter ego theory "prevent[s] employers from evading obligations under the Act merely by changing or altering their corporate form." *NLRB v. Allcoast Transfer, Inc.*, 780 F.2d 576, 579 (6th Cir.1986). The seminal inquiry of the alter ego doctrine is "whether two or more coexisting employers performing the same work are in fact one business, separated only in form." *NLRB v. Fullerton Transfer & Storage Ltd., Inc.*, 910 F.2d 331, 336 (6th Cir.1990). In answering this question, courts determine "whether the two enterprises have substantially identical management, business, purpose, operation, equipment, customers, supervision and ownership." *Wilson v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 83 F.3d 747, 759 (6th Cir.1996) (quoting *Fullerton Transfer*, 910 F.2d at 336). "[A] determination of alter ego status is a question of fact." *Id.* (quoting *Allcoast Transfer, Inc.*, 780 F.2d at 579).

Viewing the evidence in the light most favorable to Defendants, the non-moving parties, the court concludes that factual issues exist for trial. With respect to the first factor in the alter ego doctrine, substantially identical management, both Sky Lite and D&M Electric were largely managed by Mr. Cishke. The businesses also share a similar purpose: electrical work. Defendants argue that the two companies' purposes are distinguishable because Sky Lite did electrical work in new construction and D&M Electric did electrical work in existing construction. Whether or not that difference is significant is a question for the jury. Further, Plaintiffs have provided evidence that Sky Lite and D&M Electric were operated similarly, and shared equipment, customers, supervisors and, of course, ownership. In addition, money was shared, or at least transferred between the two entities and the companies' insurance policies were continued from Sky Lite to

D&M Electric with only a name change. But, as Defendants point out, the companies did not share bank accounts, maintained separate payrolls, and filed taxes separately. On this record, this court cannot, on a motion for summary judgment, make factual findings and inferences that the evidence amounts to a showing that D&M Electric was "'merely a disguised continuance of the old employer.'" *Fullerton Transfer*, 910 F.2d at 336. A jury must decide what evidence is more persuasive and make factual findings accordingly.

Inferences are necessary to make the conclusion that Mr. Cishke formed D&M Electric to avoid his union obligations. Mr. Cishke testified that he formed D&M Electric due to marital problems, whereas Plaintiffs point to the timing of the formation of the new company and Mr. Cishke's incomplete memory of events surrounding the transfers of funds between the companies as evidence that Mr. Cishke had anti-union animus in creating the new company. Mr. Cishke's credibility is a question for the jury. Moreover, the jury must weigh the evidence of the timing of the formation of the new company and whether Mr. Cishke's incomplete memory of events is significant.

For these reasons, the court recommends that Plaintiffs' motion for summary judgment be denied.

### B. Plaintiffs' Motion to Amend

### III. Conclusion

For the reasons discussed *supra*, the court recommends that Plaintiffs' Motion for Summary Judgment (Doc. No. 20) be **DENIED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen(14) days of service of a copy hereof as provided for in 28

U.S.C. § 636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987).

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be no more than 20 pages in length unless, by motion and order, the page limit is extended by the court. The response shall address each issue contained within the objections specifically and in the same order raised.

S/Virginia M. Morgan
Virginia M. Morgan
United States Magistrate Judge

Dated: June 16, 2010

**PROOF OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on June 16, 2010.

s/Jane Johnson
Case Manager to
Magistrate Judge Virginia M. Morgan