UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ELECTRICAL WORKERS PENSION
TRUST FUND OF LOCAL UNION #58,
IBEW, *et al.*,

                Plaintiffs,

v.

SKY LITE ELECTRIC, INC., and D&M
ELECTRIC, INC.,

                Defendants.
_____/

Case No. 09-10523

DISTRICT JUDGE
ARTHUR J. TARNOW

MAGISTRATE JUDGE
VIRGINIA M. MORGAN

# ORDER
## REJECTING REPORT AND RECOMMENDATION [34]
### and
## GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT [20]

The Plaintiff Trust Funds ("Plaintiffs") filed this suit seeking to enforce fringe benefit provisions of a collective bargaining agreement ("CBA") entered into by Defendant Sky Lite Electric, Inc. ("Sky Lite") and International Brotherhood of Electrical Workers Local Union No. 58. Plaintiffs also seek to enforce the CBA against Defendant D&M Electric, Inc. ("D&M"), on the grounds that D&M and Sky Lite are alter egos.

Pending is Plaintiffs' Motion for Summary Judgment [20], which was referred [27] to the Magistrate Judge for hearing. Now before the Court is the Magistrate Judge's Report and Recommendation [34], which recommends denial of Plaintiffs' summary judgment motion. Plaintiffs timely filed Objections [36] to the Magistrate Judge's report. Defendants have filed a Response [37], and Plaintiffs have filed a Reply [38].

1

For the reasons discussed below, Plaintiffs' Objections [36] will be **SUSTAINED**, and the disposition proposed in the Report and Recommendation [34] will be **REJECTED**. Accordingly, Plaintiffs' Motion for Summary Judgment [20] will be **GRANTED**.

## I. <u>STANDARD OF REVIEW</u>

Summary judgment is proper when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56©. In ruling on a motion for summary judgment, the court must view the evidence and draw all reasonable inferences in favor of the nonmoving party. *Waters v. City of Morristown*, 242 F.3d 353, 358 (6th Cir. 2001) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)). The Court must not weigh the evidence or make credibility determinations, but rather must "determine whether there is a genuine issue for trial." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986)).

Under 28 U.S.C. § 636(b)(1), any unopposed portions of a magistrate judge's orders are not to be disturbed unless "found to be clearly erroneous or contrary to law." *See United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001). The "clearly erroneous" standard requires the Court to affirm the Magistrate's decision unless, after reviewing the entirety of the evidence, it "is left with the definite and firm conviction that a mistake has been committed." *Sandles v. U.S. Marshal's Service*, 2007 WL 4374077, 1 (E.D. Mich. 2007) (citing *United States v. United States Gypsum Co.*, 333 U.S. 364, 395 (1948)).

The Court reviews *de novo* any objections to a Magistrate Judge's Report and Recommendation. 28 U.S.C. § 636(b)(1). Here, Plaintiffs have filed objections, and the assignments of error are considered below.

2

## II. BACKGROUND

On January 30, 2003, Donald Cischke and his wife, Maria, incorporated Sky Lite for the purpose of performing commercial electrical work. On December 15 of that year, Donald signed a letter of assent with IBEW Local 58, making Sky Lite a union company. In July, 2004, he attempted to terminate Sky Lite's assent to the union agreement. At about the same time, the Cischkes were having marital problems, and briefly separated. While Maria was staying with her mother, and fifteen days after sending the letters attempting to terminate Sky Lite's union agreement, Donald incorporated D&M Electric, Inc., as a sole owner. Donald testified in deposition that, because he didn't know what his wife was going to do, he did not want her to be a part of the new company. *See* Def.'s Resp. [26], Ex. B at 20-22. Defendants emphasize that Donald's business purpose was "to go after different things, low voltage wiring, different things, and not new construction," because it seemed to Donald that "there was[n't] any [new construction work] out there." Def.'s Resp. [37] at 2. Sky Lite had separate payrolls and bank accounts, and filed separate tax returns. *Id*. at 3. At some point, although Donald Cischke cannot recall precisely when, Sky Lite ceased to operate. Its bank account was closed by the end of December, 2004. *See* R&R [34] at 3.

The two businesses had some commonalities. Both were engaged in commercial electrical work, and both operated out of Cischke's personal residence. *See* Pl.'s Obj. at 5. Sky Lite and D&M shared some customers, including "Kroger, Pinnacle Management, and Stellar." *Id*. At least some Sky Lite employees continued to work for D&M. In 2004, D&M's payroll listed fourteen people, half of whom had previously worked for Sky Lite: Maria Cischke, five other family members, and one non-family member. *See* Def.'s Resp. [37] at 3. In August through October of 2004, Donald Cischke appears to have effected numerous transfers of money from Sky Lite's

account to D&M's account.[1] The businesses had the same general liability and workers' compensation policy through Hastings Mutual insurance Company. *See* Pls.' Obj. at 6. Sky Lite initially purchased the policy on February 5, 2004, but on August 19 of that year, the name on the policy was changed from Sky Lite to D&M. *See id*. There are no written agreements or other documentation reflecting any transfer of assets between the companies or their agents. *See id*.

On February 12, 2009, Plaintiffs filed suit to collect from both Sky Lite and D&M fringe benefit contributions that were unpaid under Sky Lite's CBA. After the close of discovery, Plaintiffs filed the pending Motion for Summary Judgment [20], arguing that "although only Sky Lite might have signed an agreement with the Union, both defendants are equally bound to the contract since they are mere alter egos of each other." Pls.' Mot. S.J. at 2.

Alter ego doctrine has been developed by federal courts to prevent employers from evading statutory or contractual obligations merely by altering their corporate form. *N.L.R.B. v. Allcoast Transfer, Inc.*, 780 F.2d 576, 579 (6th Cir. 1986). The alter ego doctrine is "applied, when appropriate, to treat two nominally separate business entities as if they were a single continuous employer." *Id.* at 579. The seminal inquiry of the alter ego doctrine is "whether two or more coexisting employers performing the same work are in fact one business, separated only in form." *N.L.R.B. v. Fullerton Transfer & Storage Ltd., Inc.*, 910 F.2d 331, 336 (6th Cir.1990). In answering this question, courts determine "whether the two enterprises have substantially identical management, business purpose, operation, equipment, customers,

---

[1] Records show transfers in the amounts of: $11,000 on August 3; $7000 on August 9; $9000 on August 20; $28,000 on September 3; $4000 on September 20; and $25,000 on October 4. *See* Pls.' Obj. at 5-6. Donald Cischke explained that he made the transfers because he "probably needed the money for D&M." *See* R&R at 3.

supervision and ownership." *Wilson v. Int'l Bhd. of Teamsters, Chauffeurs, Warehousemen & Helpers of Am., AFL-CIO*, 83 F.3d 747, 759 (6th Cir.1996) (quoting *Fullerton Transfer*, 910 F.2d at 336). "'No single factor is controlling, and all need not be present to support a finding of alter ego status.'" *Flynn v. R.C. Tile*, 353 F.3d 953, 968 (D.C. Cir. 2004) (quoting *Massachusetts Carpenters Cent. Collection Agency v. Belmont Concrete Corp.*, 139 F.3d 304, 308 (1st Cir. 1998)). Furthermore, the Sixth Circuit has confirmed that "a finding of employer intent [to evade pre-existing contractual obligations] is not essential or prerequisite to imposition of alter ego status . . . [but] is merely one of the relevant factors which the [courts] can consider." *Trustees of Detroit Carpenters Fringe Benefits Funds v. Indust. Contracting LLC*, 581 F.3d 313, 315 (6th Cir. 2009). "[A] determination of alter ego status is a question of fact." *Id.* (quoting *Allcoast Transfer, Inc.*, 780 F.2d at 579).

In the Report and Recommendation [34], the Magistrate Judge recommended a finding that factual issues exist for trial as to whether Sky Lite and D&M constitute alter egos. Specifically, those factual issues were identified as: whether or not it is significant that Sky Lite did electrical work in new construction whereas D&M sought jobs in existing construction; whether or not the companies' separate bank accounts, payrolls, and tax filings undermine a finding of alter ego liability; and, whether Donald Cischke's statements were credible regarding his marital troubles as the impetus for his formation of D&M, and regarding his "incomplete memory of events surrounding the transfers of funds between the companies." *See* R&R at 6-7.

Plaintiffs articulate four enumerated objections: (1) there is no genuine issue of material fact as to whether Sky Lite and D&M are alter egos; (2) there is no jury question as to the significance Sky Lite's focus on work in new construction and D&M's apparent aspiration to

5

find jobs in existing construction; (3) there is no need for a factual finding as to whether the evidence amounts to a showing that D&M was "merely a disguised continuance" of Sky Lite, and; (4) there is no jury question regarding the timing of the formation of the new company, or regarding Donald Cischke's memory of events. *See* Pls.' Obj. [36]. Plaintiffs further clarify that they do *not* contend

> that there are no outstanding factual issues in this case. Rather, they contend that those factual issues, even if resolved in defendants' favor, are not sufficient to prevent entry of summary judgment for [P]laintiffs. The crux of summary judgment is determining "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."

Pls.' Reply [38] at 1 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)).

### III. DISCUSSION

The Court reviews *de novo* Plaintiffs' objections to the Magistrate Judge's Report and Recommendation. 28 U.S.C. § 636(b)(1).

The parties agree that the test for alter ego liability is "whether the two enterprises have substantially identical management, business purpose, operation, equipment, customers, supervision and ownership." *Wilson*, 83 F.3d at 759. Additionally, the Sixth Circuit has recognized employer "intent to evade" pre-existing contractual obligations as a factor that is not prerequisite to imposition of alter ego status, but which is "one of the relevant factors" that the Court can consider. *See Indust. Contracting*, 581 F.3d at 315; *see also Trustees of the Resilient Floor Decorators Ins. Fund v. A&M Installations, Inc.*, 395 F.3d 244, 246, 249 (6th Cir. 2005) (calling "intent to evade" the clear "focus of the alter ego doctrine"; also noting that a finding of alter ego liability requires a finding of "pervasive intermingling of funds and operations").

6

Here, those factors that are undisputed weigh overwhelmingly in Plaintiffs' favor. It is clear that Sky Lite and D&M did have "substantially identical management . . . supervision and ownership," those functions all having been performed by Donald Cischke.[2] Although Defendants emphasize that "D&M has never finished any projects started by Sky Lite," the parties do not appear to dispute that D&M serviced the same customers that had previously been Sky Lite's accounts. *See* Defs.' Resp. [37] at 9. Both companies "operated out of the same building, [Donald Cischke's] personal residence, and utilized the same phone, tools and equipment." *See* Pls.' Obj. [36] at 9. Furthermore, Donald Cischke's documented transfers of approximately $84,000 from Sky Lite's account to support D&M's incorporation and start-up constitutes a "pervasive intermingling of funds" that clearly suggests alter ego status. *See Resilient Floor*, 395 F.3d at 249; *see also R.C. Tile*, 353 F.3d at 959 (assets *transferred* "in non-arms length transactions . . . provides a 'clear foundation for a holding of "alter ego" status'") (citations omitted); *Fugazy Continental Corp. v. N.L.R.B.*, 725 F.2d 1416, 1419 (D.C. Cir. 1984) (lack of formalities surrounding the transfer of assets and operations is evidence of alter ego identity). Donald Cischke simply changed the insurance policy that previously covered Sky Lite so that it named D&M as the insured business entity.

Defendants direct the Court to several differences between Sky Lite and D&M, but although the differences might well be real, they are not necessarily material. For example, Defendants note that"D&M purchased its own work vehicles shortly after incorporation." *See*

---

[2] Defendants note that "Maria Cischke was an owner of Sky Lite, but she is not an owner of D&M Electric." That fact does not negate the continuity of Donald Cischke's apparent leadership of both companies; he was the one to attempt to terminate Sky Lite's CBA, and he was the one to incorporate D&M.

Defs.' Resp. [37] at 10. Also, the Sky Lite and D&M maintained separate bank accounts, payrolls, and tax filings.[3] As Plaintiffs point out, these facts are undisputed. *See* Pls.' Obj. [36] at 11. Plaintiffs also argue that some differences are "inevitable because the entities operated successively rather than simultaneously. Such differences as may arise over time following a non-arms length transfer are 'not sufficient for a finder of fact to conclude that the businesses are not alter egos.'" *Id.* (quoting *R.C. Tile*, 353 F.3d at 959) (citation omitted). In other words, the fact that a successor entity eventually experiences some growth or change does not negate its origins as an alter ego of the previous venture. Such appears to be the case, here.

Evidence exists that could support or negate a finding of Cischke's potential "intent to evade" his pre-existing contractual obligations. Although the only evidence of Cischke's "intent to evade" is circumstantial, that evidence exists in the form of Cischke's written attempt to terminate Sky Lite's CBA immediately prior to the incorporation of D&M. *See Indust. Contracting*, 581 F.3d at 315. On the other hand, Cischke's testimony is that he formed D&M only for the purpose of excluding his wife from that business. Thus, there is an issue of fact on this factor, but a finding of "intent to evade" is not necessary to an imposition of alter ego liability. *See Indust. Contracting*, 581 F.3d at 315.

The only factor about which there appears to be a genuine question of fact regards the "business purposes" of the two companies. Defendants emphasize that D&M's business purpose was "to go after different things, low voltage wiring, different things, and not [the] new

---

[3] The Court notes that the period of "separate bank accounts" was brief. Sky Lite's bank account was closed entirely within four months, at the longest, of D&M's incorporation.

construction" that had been Sky Lite's focus.[4] *See* Def.'s Resp. [37] at 2. The Magistrate Judge found, and Defendants agree, that the companies' potentially different business purposes constitutes a triable question of fact. However, Plaintiffs argue that "whether a defendant performed electrical work with respect to new construction or existing construction is irrelevant. The key factor is that both entities performed electrical work which would be covered under the existing [CBA]." Pls.' Obj. [36] at 10.

The Court agrees with Plaintiffs' assessment. Even viewing the evidence of "business purpose" and drawing all reasonable inferences in Defendants' favor – specifically, assuming that D&M's business purpose was indeed to seek jobs in existing construction – does not alter the conclusion that both companies performed substantially the same work: that is, work that was originally covered by Sky Lite's CBA.

In summary, the Court finds, upon examination of the record as a whole, that a rational trier of fact could not find for Defendants on the issue of alter ego liability, and that there is no genuine issue for trial. *See Matsushita*, 475 U.S. at 587. The evidence does not "presen[t] a sufficient disagreement to require submission to a jury"; rather, the record is "so one-sided that [Plaintiffs] must prevail as a matter of law." *See Anderson*, 477 U.S. at 251-52.

The Court holds that Defendants are alter egos, and are each contractually obligated to Plaintiffs pursuant to the CBA entered into by Sky Lite Electric, Inc.

## IV. **CONCLUSION**

---

[4] Plaintiffs note that "the record does not support the claim that D&M *performed* work in existing construction," only that D&M aspired to do so. *See* Pls.' Obj. [36] at 10.

The Court having reviewed the record, the Magistrate's Report and Recommendation, and the parties' pleadings in this case, and being fully advised in the premises,

**IT IS HEREBY ORDERED** that Plaintiffs' Objections [36] are **SUSTAINED**, and the disposition proposed in the Report and Recommendation [34] is **REJECTED**.

**IT IS FURTHER ORDERED** that Plaintiffs' Motion for Summary Judgment [20] is hereby **GRANTED**. Accordingly,

**IT IS FURTHER ORDERED** that Defendants shall make available to an auditor appointed by Plaintiffs all of their books, records and accounts showing work performed by employees, hours worked by employees, and any sums paid to Plaintiffs and to employees covered by the CBA for the period requested to the date of the audit. Defendants shall pay for the cost of the audit.

**IT IS FURTHER ORDERED** that Plaintiffs shall be awarded all amounts that the audit reveals as owed by Defendants to Plaintiffs, including delinquent contributions and liquidated damages.

**SO ORDERED.**

S/ARTHUR J. TARNOW
Arthur J. Tarnow
Senior United States District Judge

Dated: September 28, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on September 28, 2010, by electronic and/or ordinary mail.

S/LISA M. WARE
Case Manager